UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 12-9-HRW

DAVID ALAN HOOKER, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 21, 2007, an Administrative Law Judge issued a decision finding Plaintiff not disabled. On May 16, 2009, Plaintiff filed the instant application for supplemental security income benefits, alleging disability beginning on March 22, 2007, the day following the denial of his previous application. He claims

disability due to back injury, heart and hearing problems, depression, anxiety and pain (Tr. 189).

This application was denied initially and on reconsideration (Tr. 79-80). Upon Plaintiff's request, an administrative hearing was conducted by Administrative Law Judge Tommye Mangus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 5, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 21-33). Plaintiff was 45 years old at the time of the hearing decision (Tr. 140). He has a high school education and past work experience as a construction worker, security guard, store laborer and chauffeur (Tr. 57-58).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, hypertensive heart disease, dysthmic disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 23). In doing so, the ALJ specifically considered listings 1.04, 12.04, 12.06 and 4.00 (Tr. 23-26).

The ALJ further found that Plaintiff could perform his past work as store laborer (Tr. 31). He further found that Plaintiff retained the residual functional capacity ("RFC") to perform "light" work, as defined in 20 C.F.R. § 416.967(b) with certain exceptions as set forth in the hearing decision (Tr. 26).

3

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr.31-32). Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

4

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) his impairments meet at least one listed impairment (2) the ALJ erred in evaluating Plaintiff's credibility and (3) the ALJ incorrectly concluded that Plaintiff could perform his past relevant work as a store laborer.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that his impairments meet at least one listed impairment. He maintains that his impairments qualify for presumptive disability under Listings 1.04 and 12.06.[1]

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social*

---

[1] Plaintiff cited 1.00A, 1.00B(2) and 1.00(2)(B) with regard to his herniated disc. However, the cited sections are not listed impairments. It appears Plaintiff is actually arguing that his impairment satisfies Listing 1.04. The Court will evaluate his argument pursuant to Listing 1.04.

*Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no

matter how severely, does not qualify." *Sullivan*, at 530.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listings, 1.04A, B, and C. Listing 1.04 refers generally to Disorders of the Spine. Listing 1.04A refers to evidence of nerve root compression characterized by specific clinical findings; Listing 1.04 B refers to spinal arachnoiditis, confirmed by an operative note or tissue biopsy, and Listing 1.04C refers to lumbar spinal stenosis that results in certain findings on diagnostic imaging techniques and certain specified physical limitations.

Plaintiff has not demonstrated that his impairments meet the strict requirements for these listed impairments. With respect to Listing 1.04A that listing requires a finding of limitation of motion of the spine and loss of motor reflex. Nothing in the record indicates any limitation in the range of motion of Plaintiff's spine or loss of motor reflex.

Listing 1.04B (arachnoiditis) requires that a spinal arachnoiditis condition be confirmed by an operative note or tissue biopsy. Plaintiff has not cited evidence of back surgery or tissue biopsy and thus cannot satisfy Listing 1.04B.

Likewise, Plaintiff's back condition cannot satisfy the requirements of Listing 1.04C. Although Plaintiff maintains he cannot ambulate effectively, as

7

required by the Listing, he has not presented credible evidence in support of his assertion. Moreover, there is no evidence of lumbar spinal stenosis.

Plaintiff also contends that his impairments satisfy the requirements of Listing 12.06. Although he recites the criteria for meeting the listing, he does not refer to any specific findings in the record. " 'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id*. Clearly, Plaintiff has not carried her burden in this regard.

Plaintiff's claim that his high blood pressure and "hypertensive heart disease" is disabling suffers from the same lack of evidence. Moreover, Plaintiff has not specified which Listing is relevant to his argument, nor has he pointed to any evidence in the record which would support his argument. Again, "it is not our function to craft an appellant's arguments." *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993).

Plaintiff's second claim of error is that the ALJ erred in evaluating Plaintiff's credibility.

An ALJ is in the best position to observe witnesses' demeanor and to make

8

an appropriate evaluation as to their credibility. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.1997). Therefore, an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001); *Walters,* 127 F.3d at 531 (recognizing ALJ's credibility assessment is entitled to "great weight and deference"). In making a credibility determination, Social Security Ruling 96–7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence. *See* SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996). Here, the ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their pain. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). He set forth in detail reasons for discounting Plaintiff's credibility (Tr. 27-31).

Plaintiff has identified no error in the ALJ's evaluation nor pointed to specific testimony which should have been considered more credible. Rather, he merely states that his "medical records show his statements regarding the intensity and persistence of his pain are credible." [Docket No. 10 -1, pg. 6]. Cursory arguments, with no explanation, will not trigger this Court scrutiny. *See, Hollon*

*ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006) (the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record where the claimant has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings).

Finally, Plaintiff contends that the ALJ incorrectly found that he could perform his past relevant work as a store laborer.

A review of the decision establishes that the ALJ properly relied upon the testimony of the VE in this regard. There are no credible restrictions in the record which would call into question the VE's opinion. Further, the ALJ continued past the fourth step of the sequential process and made an alternative finding, to-wit, that Plaintiff could perform other work which exists in the requisite numbers in the national economy (Tr. 32-33). Therefore, concluding Plaintiff is not disabled, regardless of his ability to perform any one prior job.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22nd day of February, 2013.



Henry R. Wilhoit, Jr., Senior Judge